**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JEFFREY D. MESZAROS for the**
**estate of ANDRE MESZAROS,**

    **Plaintiff,**

v.                              Case No.  8:05-cv-1214-T-30TGW

**UNITED STATES OF AMERICA and**
**UNITED STATES AIR FORCE,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon the United States of America's Motion to Dismiss (Dkt. #13-1).[1] The Court, having considered the motion, memorandum in support, affidavits, pleadings, and being otherwise advised in the premises, finds that The United States of America's Motion to Dismiss should be granted.

### **Background**

This is an action brought by "Jeffrey D. Meszaros, for the estate of Andre Meszaros," pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346(b), §2401(b), and §2671-2680, for the wrongful death of Andre Meszaros.

---

[1] The Court notes that Plaintiff failed to file a response to Defendant's Motion to Dismiss, thus the Court has considered Defendant's motion without a response from Plaintiff.

On June 1, 2001, decedent, Andre Meszaros, III, died while participating in a military training session near Mountain Home Air Force Base, in Idaho.[2] Decedent was riding as a passenger in a five-ton military cargo truck being operated by another active duty military member, named John Joyce. John Joyce was driving the vehicle along a designated military training route when the vehicle went off the road way and rolled over. Decedent died as a result of his injuries sustained during the accident. At the time of his death, A1C Meszaros was on duty, in military uniform, and participating in a military training exercise for the United States Air Force.

On March 12, 2004, Jeffrey D. Meszaros, on behalf of Veronica Meszaros, a minor, and Rose Meszaros, the decedent's mother-in-law, filed a Claim for Damage, Injury, or Death (Dkt. 1, Page 6). On December 29, 2004, the Claim for Damage, Injury, or Death was denied by the Department of the Air Force, Air Force Legal Services Agency (AFLSA). See Dkt. #1, Page 8. In the AFLSA's denial letter, the AFLSA asserts, in pertinent part:

> Rose Meszaros has no legal rights to claim damages because she is not an heir of Mr. Meszaros.
>
> ∗∗∗
>
> Moreover, we have not received documentation verifying your assertion that Jeffrey Meszaros is the personal representative of Mr. Meszaros' estate. Being the custodian of Mr. Meszaros' life insurance policy is not legally equivalent to being the personal representative of Mr. Meszaros' estate. As such, Jeffrey Meszaros does not have authority to act on behalf of Veronica Meszaros to bring forth a claim for damages.

---

[2] The U.S. District Courts of Idaho are located within the Ninth Circuit of the United States Court of Appeals.

Decedent is survived by his wife, Bettina Meszaros, and his 6 year old daughter, Veronica Meszaros. Decedent's brother, Jeffrey Meszaros, now seeks to bring a wrongful death claim against the United States of America and the United States Air Force on behalf of his brother's estate. Decedent's brother, Jeffrey Meszaros, has not been appointed the personal representative of Andre Meszaros' estate, nor has Bettina Meszaros authorized Jeffrey Meszaros to act on her behalf or on behalf of her daughter.[3]

## Motion to Dismiss Standard Under 12(b)(1).

Attacks on subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) come in two forms. *Lawrence v. Dunbar*, 919 F.2d 1525 (11th Cir. 1990). "Facial attacks" on the complaint "require the court to merely look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the complaint are taken as true for the purposes of the motion." *See id.* at 529. "Factual attacks," on the other hand, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *See id.*

These two forms of attack differ substantially. "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion - the court must consider the allegations of the complaint to be true." *Id.* at 529. "But when the attack is factual, the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56. At issue in a factual 12(b)(1) motion is the trial court's jurisdiction - its very power to hear

---

[3] *See* Dkts. #13-3 and 13-4.

the case - there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id*. "In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id*.

### Idaho Law

The Court must look to Idaho law to determine whether Plaintiff has standing to sue on behalf of the estate of Andre Meszaros, because the law of the jurisdiction where the alleged act or omission occurred governs the rights and liabilities of the parties under the Federal Tort Claims Act.  28 U.S.C. §2674; *Howell v. United States*, 932 F.2d 915, 917 (11th Cir. 1991).

### Sovereign Immunity

It is well established that the United States, as sovereign, may not be sued without its consent, and that a court does not have jurisdiction of an action against the United States to which it has not consented.  *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  The existence of consent is a prerequisite for jurisdiction.  *Mitchell* at 212.; *see also Mundy v. United States*, 983 F.2d 950 (9th Cir. 1993).  It is equally well established that "[a]ny waiver of immunity must be 'unequivocally expressed,' and any limitations and conditions upon the waiver 'must be strictly observed and exceptions thereto are not to be implied'." *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997), citing *Lehman v. Nakshian*, 453 U.S. 156, 160-161 (1981).

### Federal Torts Claim Act

The Federal Torts Claim Act (FTCA) created a limited waiver of sovereign immunity, making the United States liable "to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976); *see* 28 U.S.C. §§1346(b)(1) and 2674.  The FTCA provides a remedy for claimants against the United States for damage to or loss of property, as well as personal injury or death caused by the negligence of a governmental employee acting within the course and scope of his or her employment.  28 U.S.C. §2671.  The FTCA specifically states that a plaintiff's exclusive course of action under the FTCA is against the United States and grants federal employees absolute immunity from common law tort actions by providing for the substitution of the United States as the sole defendant in such actions.  28 U.S.C. §2679(a).  Absent a specific waiver, sovereign immunity shields the federal government, its agencies and employees from suit.

### Statutory and Judicial Exceptions to Waiver of Sovereign Immunity

There are a number of statutory and judicial exceptions to the waiver of sovereign immunity in the FTCA.  If the claim comes within any of those exceptions, the Court is without subject matter jurisdiction to hear the case.  *Mundy*, 983 F.2d 950, 952; *Broudy v. United States*, 661 F.2d 125, 127 (9th Cir. 1981).

### Discussion

On March 12, 2004, Jeffrey D. Meszaros, on behalf of Veronica Meszaros, a minor, and Rose Meszaros, the decedent's mother-in-law, filed a Claim for Damage, Injury, or

Death (Dkt. 1, Page 6). On June 29, 2005, Plaintiff, Jeffrey D. Meszaros, for the estate of Andre Meszaros, filed a one count Complaint bringing a wrongful death suit against the United States of America and the United States Air Force.

Defendant argues that Plaintiff's Complaint should be dismissed pursuant to Fed.R.Civ.P. Rule 12(b)(1) based on the following grounds: (1) the action is barred by sovereign immunity because Plaintiff failed to exhaust administrative remedies under the FTCA; (2) the action is barred by sovereign immunity because Plaintiff never filed a valid administrative claim; (3) the action is barred by sovereign immunity pursuant to the Supreme Court's holding in *Feres v. United States*; and (4) the United States Air Force is not a proper defendant in a FTCA action. In support, Plaintiff has offered affidavits and exhibits (neither refuted by Plaintiff) in support of the following material facts: Andre Meszaros and John Joyce were active military personnel; Andre Meszaros died of his injuries as a result of an accident occurring during a military training session in Idaho; Jeffrey D. Meszaros was not authorized by Bettina Meszaros, decedent's surviving wife, to file a claim on her behalf or on behalf of their child, Veronica Meszaros; and Jeffrey D. Meszaros has not been appointed as a personal representative of the estate of Jeffrey D. Meszaros.

**I.      Plaintiff Failed To Exhaust Administrative Remedies under the FTCA.**

Section 2675(a) of the FTCA contains an express exhaustion requirement, which states:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the

> Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency* and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.[4]

Under the provisions of Section 2675, one of the express conditions for invoking a federal court's jurisdiction over a federal tort claim is the filing of a written administrative claim by the plaintiff. The filing and perfection of an administrative claim is an absolute prerequisite to maintaining an action under the FTCA; it is jurisdictional and cannot be waived. *Blain v. United States*, 552 F.2d 289, 291 (9th Cir. 1977). One person cannot file the prerequisite administrative claim for another. *Blain*, at 291.

In the instant case, the administrative claim was filed by "Jeffrey D. Meszaros, on behalf of Veronica Meszaros, a minor, and Rose Meszaros."[5] However, this action is being brought by "Jeffrey D. Meszaros, for the estate of Andre Meszaros." One person cannot file the prerequisite administrative claim for another. Thus, Plaintiff "Jeffrey D. Meszaros, for the estate of Andre Meszaros" failed to file and perfect an administrative claim with the United States prior to bringing this action. Accordingly, Plaintiff has failed to fulfill a condition precedent to filing this action under the FTCA. As a result, this action must be dismissed for lack of subject matter jurisdiction.

---

[4] 28 U.S.C. §2675(a) (emphasis added.)

[5] *See* Dkt. #1, Page 6.

## II.     Plaintiff Lacked Authority To File An Administrative Claim.

Pursuant to 28 C.F.R. §14.3(c), an administrative claim based upon death "may be presented by the executor or administrator of the decedent's estate, or by any other person legally entitled to assert such claim in accordance with applicable state law." Since the alleged negligence, wrongful act, or omission occurred in Idaho, this Court should apply the law of Idaho. *See* 28 U.S.C. §1346(b)(1).

Idaho law allows a wrongful death action to be brought by the decedent's heirs or by the personal representative on behalf of the heirs. I.C. §5-311(1). "Heirs" means those persons entitled to take under intestate succession. I.C. §§5-311(2)(a) and 15-1-201(21). As the surviving spouse and surviving issue, Bettina Meszaros, decedent's wife, and Veronica Meszaros, decedent's minor daughter, would take the entire estate. I.C. §§15-2-102 and 15-2-103. Thus, under Idaho statutory law, Bettina and Veronica are decedent's heirs.

Although it would also be permissible for the personal representative of decedent's estate to file an administrative claim under the FTCA, Jeffrey D. Meszaros has not been appointed the personal representative of decedent's estate. Thus, it was improper for "Jeffrey D. Meszaros" to file an administrative claim "on behalf of Veronica Meszaros, a minor child, and Rose Meszaros." Likewise, it is improper for "Jeffrey D. Meszaros" to bring this action "for the estate of Andre Meszaros."

As stated in the affidavit of Bettina Meszaros, Jeffrey D. Meszaros was not authorized to file an administrative claim on behalf of the decedent's daughter, or file this action on behalf of the decedent's estate. For these reasons, Plaintiff lacks standing to bring this suit.

**III.     Plaintiff's Claim is Barred By An Exception To Waiver of Sovereign Immunity Under the FTCA.**

The United States Supreme Court has recognized an exception to the United States' waiver of tort liability under the FTCA in *Feres v. United States*, 340 U.S. 135 (1950). In *Feres*, the Court held that a soldier may not recover under the FTCA for injuries which "arise out of or in the course of activity incident to service." *Feres*, 350 U.S. at 146; *see also United States v. Shearer*, 473 U.S. 52, 57 (1985); *Monaco v. United States*, 661 F.2d 129 (9th Cir. 1981); *Kitowski v. United States*, 931 F.2d 1526 (11th Cir. 1991) (where the mother of a Navy enlisted man who died during a training exercise sued the United States under the Federal Tort Claims Act, held that: (1) the enlisted man had not been effectively discharged at the time of his death; (2) there is no exception to *Feres* for injuries caused by egregious conduct; and (3) the enlisted man's death arose out of an activity incident to his military service.) When a soldier on active duty sustains an injury arising out of or in the course of activity incident to service, federal courts consistently have denied recovery under the FTCA.

It is undisputed that decedent was an active military airman at the time of his death and that he was on duty and participating in a military training exercise for the United States Air Force at the time of his death. Accordingly, pursuant to the Supreme Court's holding in *Feres*, decedent's heirs are not permitted to bring a wrongful death action against the United States under the FTCA for injuries received while decedent was on active duty. For this reason also, this action must be dismissed for lack of subject matter jurisdiction.

## IV.   This Action is Barred By the Doctrine of Sovereign Immunity as to the United States Air Force.

The only proper defendant to an FTCA action is the United States of America.  28 U.S.C. §§2674 and 2679.  Congress has not waived sovereign immunity under the FTCA as to the United States Air Force.  Since sovereign immunity is jurisdictional in nature, the United States Air Force is not an appropriate defendant under the limited waiver set forth in the FTCA; therefore, Plaintiff lacks standing to bring this action against the U.S. Air Force and this case must be dismissed for lack of subject matter jurisdiction.  *See, e.g. Dardar v. Potter*, No. Civ. A 02-3802, 2004 WL 422008, *6 (E.D. La. 2004).

It is therefore ORDERED AND ADJUDGED that:

1.   The United States of America's Motion to Dismiss (Dkt. #13-1) is GRANTED.

2.   Plaintiff's Complaint (Dkt. #1) is dismissed for lack of subject matter jurisdiction.

3.   The Clerk is directed to CLOSE this case and terminate any pending motions.

**DONE** and **ORDERED** in Tampa, Florida on June 2, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2005\05-cv-1214.mt dismiss.wpd